## JACKSON v. STATE.

### Opinion delivered October 25, 1909.

1. RAPE—EVIDENCE—IMMORAL CHARACTER OF PROSECUTRIX.—In a prosecution for rape it was not error to refuse to charge that proof of the immoral character of the prosecutrix may be considered as going to her credibility, such proof being admissible only upon the issue whether she consented to the intercourse.   (Page 72.)

2. INSTRUCTIONS—DUTY TO ASK CORRECT INSTRUCTION.—A party who asks an instruction which is correct only in part cannot complain if it is refused, as it is his duty to ask an instruction wholly correct. (Page 73.)

3. RAPE—FAILURE OF PROSECUTRIX TO MAKE OUTCRY.—It was not error in a rape case to refuse to instruct the jury that it was the duty of the prosecutrix, "when she thought a rape was about to be committed on her, to make an outcry," though, if requested, the court should have told the jury that her failure to make an outcry might be considered, in connection with the other facts and circumstances adduced in evidence, as tending to show want of resistance.   (Page 73.)

4. SAME—FAILURE OF PROSECUTRIX TO MAKE COMPLAINT.—Where the defendant in a rape case testified that he had intercourse with the prosecutrix by her consent, it was error to refuse to instruct the jury that if they found that she failed to make complaint immediately after the commission of the alleged rape they should consider this fact in determining whether she gave her consent to the intercourse.   Page 74.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; reversed.

*H. A. Parker,* for appellant.

1. When the prosecutrix in a rape case is a woman of immoral or unchaste character, the jury should consider this fact for two purposes: (1) It goes to her credibility, and (2) the jury may consider it as tending to show consent. 66 Ark. 523; 12 L. R. A. (N. S.) 1153; 1 Wigmore on Ev., § § 199-200; 3 Rice on Ev., p. 605; 5 A. & E. Enc. L. 871, 851-C. 853; 40 Tex. 486; 17 Tex. App. 301, 532; 20 *Id.* 155.; 3 Hill N. Y. 309; 36 Cal. 522; 40 Ark. 486-7; 27 Mich. 134.

2. It was error to refuse the seventh and eighth prayers of defendant. It was the duty of the prosecutrix to make an outcry. 23 A. & E. Enc. L. 862; 65 Am. Dec. 516; 1 Col. App. 232; 1 Hale, P. C. 635; 77 Ga. 705; 71 Ind. 49; 11 Iowa 401; 46 N. C. 18; 79 S. W. 558; 87 *Id.* 350.

3. When a woman is of bad character as to chastity, resistance, force, consent and *complaint in proper time* is extremely

essential, and the jury should be properly charged on these
lines.  23 A. & E. Enc. L., 860, 861 and 100 cases cited.

4.   The friendly relations afterward should have been con-
sidered.  *Ib.*

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,*
Assistant, for appellee.

1.   Proof of the immoral character of the prosecutrix is
not admissible to affect the credibility of the witness, but only
on the question of consent.   66 Ark. 523; 3 Rice on Ev., art.
820-1.

2.   The sixth instruction as to outcry was properly refused,
73 Ark. 407.

3.   The seventh and eighth prayers by defendant, while per-
haps good as a general proposition, are unwarranted by the tes-
timony.

HART, J.   Sam Jackson was indicted, tried before a jury,
and convicted of the crime of rape in the Monroe Circuit Court.
The case is here on appeal.

Counsel for appellant assigns as error the refusal of the
court to give the following instruction:

"The court instructs the jury that if they find from the
testimony that the victim or prosecutrix is a woman of immoral
character the jury should consider this fact for two purposes:
(1.)  It goes to her credibility as a witness.  (2.)  The jury may
consider it upon the question of consent."

This instruction was based upon the evidence adduced at
the trial tending to show that the prosecutrix was a woman of
unchaste character.   The instruction was properly refused in
the form in which it was presented.   Her reputation for chas-
tity may not be put in issue to shake her credit as a witness,
but only to show her consent, and so no rape.   Her credit as a
witness may be impeached by evidence that her general repu-
tation for truth or immorality renders her unworthy of belief,
but not by evidence of particular wrongful acts.   The reason
for admitting evidence concerning her chastity is that a jury
might more readily infer assent to the intercourse in an un-
chaste woman than in a virtuous one.   Hence the instruction
was not correct in the form in which it was presented.  *Maxey*
v. *State,* 66 Ark. 523: *State* v. *Stimpson* (Vt.), 1 L. R. A. (N.

S.) 1153; 1 Wigmore on Evidence, § § 199 and 200; 3 Rice on Evidence, p. 605.

Appellant under the authorities *supra* was entitled to an instruction on the bad reputation of the prosecutrix for chastity as affecting the question of her consent. But it was the duty of appellant to ask a correct instruction. *Mabry v. State,* 80 Ark. 345; *Allison* v. *State,* 74 Ark. 454 and cases cited; *Snyder* v. *State,* 86 Ark. 456; *Western Coal & Mining Co.* v. *Burns,* 84 Ark. 74.

Counsel for appellant urges upon us a reversal because the court refused to give the following instruction: "The court instructs the jury that it was the duty of Estella Williams, when she thought a rape was about to be committed on her, to make an outcry. And that if she failed to do so the jury can consider this fact as showing want of resistance." The court properly refused the instruction in the form in which it was presented. The prosecutrix testified that the rape occurred in the night time at a place she believed to be remote from human habitation, and that her resistance was overcome through fear. Appellant testified that the intercourse was voluntary. Hence it can not be said that it was the duty of the prosecutrix to make an outcry; for this would have invaded the province of the jury in expressing an opinion on the evidence. If a proper instruction on the question had been asked, the court should have told the jury that the failure to make an outcry might be considered by the jury, in connection with the other facts and circumstances adduced in evidence, as tending to show want of resistance.

Counsel for appellant also complains that the court refused to instruct the jury as follows:

"7. The court instructs the jury that if they find from the evidence that Estella Williams failed to make complaint immediately after the alleged commission of said offense, the jury may consider this upon the matter as to whether she gave her consent or not.

"8. The court instructs the jury that, if they find from the evidence in this case that the defendant and the prosecutrix remained friendly for some time after the alleged outrage, this can be considered whether the sexual intercourse was by consent or not."

These instructions, or one of similar import, should have been given. 23 Am. & Eng. Ency. of Law (2d Ed.), pp. 862 and 863, and cases cited.

Appellant testified that, after he had sexual intercouse with the prosecutrix, he carried her to a neighbor's house, and that, after sitting around the fireside for sometime, she went to bed without making any complaint; that he met her on two different occasions after this before a charge of rape was preferred against him, and that her manner toward him was friendly and cordial.

It is the natural instinct of a woman to complain of an outrage of this kind at the first opportunity and to have a feeling of aversion against the perpetrator of it. The theory of the State was that she was overcome by fear of appellant. This view was presented to the jury by the court by a proper instruction. Appellant's theory was that his intercourse with the prosecutrix was by her consent. He was entitled to have this view presented to the jury.

The State relied mainly upon the testimony of the prosecutrix for a conviction. The testimony of the appellant was in direct conflict with her testimony. Hence the refusal to give the instructions was prejudicial to the appellant. *Hamilton-Brown Shoe Co.* v. *Choctaw Mercantile Co.,* 80 Ark. 438; *Little Rock Ry. & Elec. Co.* v. *Goerner,* 80 Ark. 158; *Smith* v. *State,* 50 Ark. 545; *Taylor* v. *McClintock,* 87 Ark. 281.

Other assignments of error are pressed for our determination; but, as they relate to matters that will not likely arise upon a new trial of the case, they need not be considered.

For the error in refusing to give instructions numbered 7 and 8, requested by appellant, the judgment is reversed, and the cause remanded for a new trial.