SMITH *v* STATE.

Opinion delivered October 17, 1921.

1. RAPE—ASSAULT—INSTRUCTION.—Where there was evidence, in a prosecution for assault with intent to rape, tending to prove that defendant was not guilty of a higher crime than a simple assault, it was error to refuse to give a requested instruction on the crime of simple assault.

2. RAPE—REPUTATION OF PROSECUTRIX.—It is only when the defend-
ant in a prosecution for assault with intent to rape attacks the
character for chastity of the prosecuting witness that the pros-
secution may introduce evidence of her reputation for chastity
to discredit such testimony.

Appeal from Benton Circuit Court; *W. A. Dickson,*
Judge; reversed.

*John Mays,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and
*W. T. Hammock,* for appellee.

The court did not commit any error in refusing to
instruct the jury on the lower offenses embraced in the
indictment.    49 Ark. 543; 36 Ark. 242; 54 Ark. 336; 13
Ark. 317; 93 Ark. 20; 99 Ark. 648; 120 Ark. 179.

There was no error in permitting the testimony of
Mrs. Niel Phillips to be read to the jury.    58 Ark. 353;
90 Ark. 514; 83 Ark. 272; 16 S. W. 577.

There was no error in permitting the prosecuting
witness to introduce testimony showing her good charac-
ter and reputation for chastity.    22 R. C. L. Sec. 42, p.
1208, 1209.

HART, J. Huel Smith prosecutes this appeal to re-
verse a judgment of conviction against him for the crime
of assault with intent to rape.    Smith was indicted for
the crime of assault with intent to rape, and was con-
victed of the crime, his punishment being fixed by the
jury at a term of three years in the State penitentiary.

The first assignment of error is that the judgment
should be reversed because the court refused to instruct
the jury on the lower offenses embraced in the indict-
ment.

The defendant was indicted for the crime of assault
with intent to commit a rape, and the court fully and
fairly instructed the jury on that phase of the case.    The
court, however, refused to instruct the jury on the crime
of simple assault.

The prosecuting witness was between eighteen and nineteen years of age at the time the offense is charged to have been committed. According to her testimony, she was well acquainted with the defendant, and went buggy riding with him on the night in question. The defendant first put his arms around her against her will and rode in that position for some distance. She would scream for help when they passed houses, but failed to attract the attention of any one. Finally the defendant stopped the horse, wrapped the buggy lines around the whip, and told her that he intended to have intercourse with her. She resisted him with all her power. He took both of her hands in one of his, pressed her down on the buggy seat, struck her on the face and neck and forced her to yield to his embraces. She resisted him in every manner possible. The defendant then proceeded to drive on, and presently she dropped her handkerchief out of the buggy. She asked the defendant to get out of the buggy to get the handkerchief, and, when he did so, the prosecuting witness whipped up the horse and left him. The horse in turning a corner overturned the buggy. The prosecuting witness then scrambled out and went for assistance to a nearby house. In a short time the defendant came there and asked if she wanted to go home with him. She refused to go and telephoned for her relatives to come or send for her. She reported the fact of the assault as soon as she reached the house.

The defendant admitted that he had intercourse with the prosecuting witness on the night in question, but claimed that it was with her consent. He described in detail their conversation during the ride, and said that there was no resistance whatever on the part of the prosecuting witness.

Under this state of the record, we think the court erred in refusing to give the instruction. This is not a case where the undisputed evidence shows that the defendant

was guilty of the crime of assault with intent to rape or nothing, and the case does not come within the rule announced in *Rogers v. State,* 136 Ark. 161.

The jury were the judges of the credibility of the witnesses and the weight to be given to their testimony. According to the testimony of the prosecuting witness, the defendant first put his arms around her and held them there while they rode for some distance, although she screamed for help whenever they passed a house. The defendant did not deny putting his arms around the prosecuting witness, but said that she consented thereto. This action of the defendant, as testified to by the prosecuting witness, constituted a simple assault and would warrant the jury in finding him guilty of that offense if it should not believe the subsequent testimony of the prosecuting witness to the effect that the defendant had connection with her forcibly and against her will.

As we have already seen, the jury were the judges of the credibility of the witnesses and might have believed all, or a part of, the testimony of either witness. They might have believed that, under the testimony of the prosecuting witness and of the defendant himself, the latter was guilty of the crime of simple assault, and that he was not guilty of the graver offense. In any event, the defendant had the right to have his theory of the case submitted to the jury; for it cannot be said that the undisputed evidence showed that he was guilty of assault with intent to rape or nothing. *Allison v. State,* 74 Ark. 444; *Bruder* v *State,* 110 Ark. 402; and *Hankins* v. *State,* 103 Ark. 28.

It is next insisted that the judgment should be reversed because the trial court erred in permitting the State to introduce testimony tending to show the good character of the prosecuting witness for chastity, over his objections.

We think counsel for the defendant is correct in this contention. In a prosecution for assault with an intent

to rape, the character for chastity of the injured party
may be impeached, not to justify or excuse the offense,
but to raise a presumption of her consent. *Pleasant v.
State,* 15 Ark. 624, and *Jackson v. State,* 92 Ark. 71. It
is only when the accused attacks the chastity of the prose-
cuting witness by evidence of reputation for unchastity
that the prosecution may introduce evidence of her rep-
utation for chastity to discredit such testimony. Under-
hill on Criminal Evidence (2nd Ed.) § 418, p. 702.

In the present case the defendant did not introduce
any evidence as to the reputation of the prosecuting wit-
ness for unchastity, or of illicit intercourse on her part.
Hence the court erred in admitting the State to prove
the reputation of the witness for chastity because her
reputation in that respect had not been assailed by the
defendant.

It is also insisted that the court erred in permitting
to go to the jury the record of the testimony of an absent
witness for the State on the examining trial of the de-
fendant. We need not consider this assignment of error.
The record shows that the witness was only temporarily
ill, and the question will not likely arise on the retrial of
the case.

For the errors in the opinion, the judgment must
be reversed and the cause remanded for a new trial.