WARD *v.* STATE.

4250                                    160 S. W. 2d 864

Opinion delivered March 16, 1942.

*J. F. Quillin,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

MEHAFFY, J.   On June 16, 1941, the prosecuting attorney in Polk county, Arkansas, filed the following information:

"I, Boyd Tackett, prosecuting attorney within and for 9th Judicial Circuit of the state of Arkansas, of which Polk county is a part, in the name and by the authority of the state of Arkansas, on oath, accuse the defendant, Russell Ward, of the crime of rape, committed as follows, to-wit: The said defendant on the 2nd day of June, 1941, in Polk county, Arkansas, did unlawfully, feloniously and maliciously, in and upon one Edith Graves, a female person, forcibly, violently, and feloniously assault and rape her, the said Edith Graves, and then there violently, forcibly, and against her will and consent feloniously did ravish and carnally know her, the said Edith Graves, against the peace and dignity of the state of Arkansas."

The appellant was tried and there was a verdict and judgment of guilty of assault with intent to rape and his punishment fixed at four years in the state penitentiary.   Motion for new trial was filed and overruled, and the case is here on appeal.

The prosecutrix, Edith Graves, testified at length about appellant's criminal assault and that he raped her. Appellant testified that he tried to have intercourse with her, but that she consented to it.

The appellant contends for reversal first, because he says the prosecuting attorney asked the prosecutrix to state what the appellant said in the conversation with her about buying off the prosecuting attorney, and she answered: "He said there was a guy—if he could take $450 that he would take him to Murfreesboro he could

buy off Boyd Tackett—that you could buy him off any time you wanted to go down there.'' The court, however, said in this connection: ''I want to admonish the jury again they cannot consider any of this evidence on the charge of rape—it is irrelevant testimony and you will not consider any commission of another crime not in this charge.''

If there was any error committed in the asking and answering of this question, it was cured by the prompt action of the court in advising the jury that they could not consider it.

The appellant does not call attention to any authority, but argues that the testimony could throw no light upon the guilt or innocence of the defendant, and that it must be considered that the only possible function of the evidence and the only reason for its having been offered was to arouse the emotions of the jury and cause them to become prejudiced against the defendant. This argument is contradicted by the verdict of the jury itself. The prosecutrix swore positively to the commission of the crime by appellant, and while he admits that he tried to have intercourse with her, he says it was with her consent. The jury found appellant guilty of assault with intent to rape. It, therefore, conclusively appears that their emotions were not aroused and they were not prejudiced against the appellant.

The next assignment of error relied on by appellant is in the court's permitting Dr. Redman to testify. Appellant says the effect of the testimony was to show that the prosecutrix was a chaste young woman. Of course, the introduction of this testimony was an effort by the prosecuting attorney to show that the crime of rape had been committed, and there was no question of her chastity raised at all; in fact, there was no effort to prove her chastity.

In this connection appellant calls attention to the case of *Smith* v. *State,* 150 Ark. 193, 233 S. W. 1081, in which case the state was permitted to prove the reputation of the witness for chastity although her reputation in that respect had not been assailed by the defendant.

In the instant case, there is no effort on the part of the state to prove her reputation for chastity or in any way put it in issue. The court said in the case cited: "In the present case the defendant did not introduce any evidence as to the reputation of the prosecuting witness for unchastity, or of illicit intercourse on her part. Hence the court erred in admitting the state to prove the reputation of the witness for chastity because her reputation in that respect had not been assailed by the defendant." There is no such issue in the instant case.

In the case of *Bethel, et al. v. State*, 178 Ark. 277, 10 S. W. 2d 370, referred to and relied upon by appellant, we find nothing to support the theory of appellant. In all these cases where it has been held error to permit the prosecution to introduce testimony as to the chastity of the prosecutrix, it has been where the testimony introduced and held erroneous was concerning the reputation of the prosecutrix. There is no such question in the instant case; nothing was said about her reputation for chastity. Moreover, the prosecution was attempting to prove that the crime of rape had been committed, and the jury evidently believed, from Dr. Redman's testimony, that the crime of rape had not been committed.

The third assignment urged by appellant for reversal is the admission of testimony concerning Peggy Waggoner. Appellant was asked if he knew Peggy Waggoner, and he answered he did not. He was then asked if he remembered paying a $1 fine in Mena when she jumped out of his car when he tried to rape her. Objection was made to this question and the court said that he might answer it. He was then asked where this took place, and he answered: "Down at Middleton's." When asked if he paid a $1 fine for that he answered that he paid a fine for leaving the scene of an accident. When asked if she jumped out of the car he answered that she did, but denied that she stated she had been raped. Appellant specifically denied the questions asked about Peggy Waggoner and denied that he paid her to leave.

In the case of *Mays v. State*, 163 Ark. 232, 259 S. W. 389, the court discussed the questions asked appellant on

trial, and the admission of testimony by the state to prove by a police officer that persons known by the police to be drug addicts were frequently seen at appellant's house. The court then said: "We think this testimony was incompetent and its admission prejudicial. It was, of course, proper to ask appellant, on his cross-examination, touching his recent residence, occupation and associations, as affecting his credibility as a witness, but, as these matters were collateral, his answers, whether true or false, was the extent to which that inquiry could be carried, and the court should not have admitted independent testimony on the subject of appellant's associations, as there was no attempt to prove a conspiracy between himself and such persons, or any connection with the crime by such persons."

It is finally insisted that the venue was not proven. We think the evidence clearly shows that the offense was committed in Polk county. The court said in the case of *Meador* v. *State,* 201 Ark. 1083, 148 S. W. 2d 653, in discussing § 3853 of Pope's Digest, which is a part of Initiated Act No. 3, adopted by the people at the 1936 general election: "Under this act it is not necessary to allege the venue of the offense, as was required prior to its passage. Section 26 of this act provides that 'It shall be presumed upon trial that the offense charged in the indictment was committed within the jurisdiction of the court, and the court may pronounce proper judgment accordingly, unless the evidence affirmatively shows otherwise.'"

The record in this case shows that the appellant had a fair and impartial trial, and that no reversible error was committed. There was no evidence introduced or anything said or done during the progress of the trial that tended in any way to inflame the minds of the jury or cause them to return a verdict based on prejudice or passion.

As to whether the witnesses told the truth was a question for the jury. They pass on the credibility of the witnesses and the weight of their testimony, and this court cannot reverse a verdict if there is any substantial evidence upon which to base it.

We have reached the conclusion that there was substantial evidence to support the verdict in this case, and the judgment is affirmed.