BARKDULL, Judge.
The appellant, defendant below, was tried, convicted and sentenced for the crime of assault with intent to rape. By virtue of this appeal, he alleges the lower court committed harmful error in allowing into evidence testimony of the State’s witness, the examining physician, which tends to show the prosecutrix was chaste when the act was committed. The appellant has based his allegation of error on the contention that he had never attacked the prose-cutrix’ character. Therefore, the introduction of the testimony of the examining physician by the State was solely for the purpose of inflaming the jury and prejudicing them against the appellant. This position is without merit.
In a prosecution for rape and related offenses [such as assault with intent to rape] where the defense rests on the fact of consent, evidence of the general reputation of the prosecutrix for chastity is competent evidence. Nickels v. State, 90 Fla. 659, 106 So. 479; Raulerson v. State, Fla. 1958, 102 So.2d 281; 27 Fla.Jur., Rape and Related Offenses, § 32. Thus, where as in the instant case the appellant’s whole defense is based upon the consent of the prosecutrix, the examining physician’s testimony regarding her chastity is admissible. Russom v. State, Fla.App. 1958, 105 So.2d 380.
The appellant also questions the sufficiency of the evidence to support the jury’s verdict. However, a review of the record reveals ample evidence to sustain the conviction of guilt found by the jury.
Based on the foregoing, we find the appellant has failed to demonstrate error in the lower court, and we therefore affirm the conviction and sentence of the lower court.
Affirmed.