# STATE v. GEORGE AVEEN, JR.

169 N. W. (2d) 749.

July 25, 1969—No. 41149.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *James J. O'Conner,* Special Assistant Attorney General, and *Charles C. Johnson,* District Prosecutor, Fifth Judicial District, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PETERSON, JUSTICE.

Defendant appeals from the judgment of conviction under a charge of raping a 19-year-old girl. The only substantial issue is whether it was prejudicial error to admit evidence, in the prosecution's case in chief, that the complaining witness was a virgin prior to the alleged rape, where the defendant made no

direct attack upon her prior chastity but in cross-examining her as to the circumstances of the encounter undertook to establish that this act was not committed without her consent.

The relevant factual situation can be simply stated without all the sordid details. Defendant and two male companions, total strangers to the complaining witness, had repeated sexual intercourse with her in an automobile at a secluded place shortly after midnight on April 14, 1967. She had entered the automobile upon their offer to drive her to her dormitory on the campus of Mankato State College as she was walking alone and in that direction from downtown Mankato. Although defendant offered no evidence on his own behalf, his cross-examination of the complaining witness, as his closing argument confirmed, was obviously directed toward establishing her consent to all the events that occurred, including this sex orgy.

The evidence for the prosecution did not seek to establish that the complaining witness physically resisted these acts, for the information charging the crime stated that the victim's resistance had been overcome by "her fear of immediate and great bodily harm."[1] The complaining witness testified that she had never experienced sexual intercourse with any person prior to

[1]Minn. St. 1965, § 617.01, defined the charged crime in these terms: "Rape is an act of sexual intercourse with a female not the wife of the perpetrator, committed against her will or without her consent; every person who shall perpetrate such an act of sexual intercourse with a female of ten years or upwards, not his wife:

\* \* \* \* \*

"(2) When her resistance is forcibly overcome;

"(3) When her resistance is prevented by fear of immediate and great bodily harm, which she has reasonable cause to believe will be inflicted upon her;

\* \* \* \* \*

"Shall be punished by imprisonment in the state prison for not less than seven nor more than 30 years."

The present statute defining aggravated rape, Minn. St. 609.291, contains substantially the same provisions with respect to the elements of the crime.

this event. A physician who had examined the complaining witness shortly after the event testified, over objection, as follows:

"Q. And based on your examination, Doctor, of this patient and on reasonable medical certainty, do you have an opinion whether or not this was or was not the first experience of this patient in that area, whether she had had sexual intercourse before?

\* \* \* \*

"A. Yes, it would be my opinion that this was the first sex experience for this young lady.

"Q. Is this based upon the physical examination?

"A. This is based upon the physical examination and also upon the fact, well, I should have mentioned this, earlier in the interrogation of the patient before the examination I did ask her if she did ever have sexual intercourse before and she said definitely not, and then, of course, the physical findings corroborated this."

The precise issue is one of first impression in this state. Although there are instructive decisions in other jurisdictions, none is precisely in point. At least three jurisdictions have held that such evidence of prior virginity is admissible as relevant and material when the fact of consent is directly in issue. See, Myers v. State, 105 Tex. Cr. 426, 289 S. W. 49; Edmondson v. State (Fla. App.) 146 So. (2d) 395; State v. Bradley, 72 Ariz. 16, 230 P. (2d) 216. At least four jurisdictions have held such evidence, although otherwise relevant, is inadmissible unless in rebuttal of a direct attack by defendant upon the complaining witness' reputation for chastity. See, People v. O'Brien, 130 Cal. 1, 62 P. 297 (dicta), but compare People v. Pollock, 25 Cal. App. (2d) 440, 77 P. (2d) 885, and People v. Ross, 179 Cal. App. (2d) 684, 4 Cal. Rptr. 73; Smith v. State, 150 Ark. 193, 233 S. W. 1081 and Bethel v. State, 178 Ark. 277, 10 S. W. (2d) 370, but compare Ward v. State, 203 Ark. 1024, 160 S. W. (2d) 864; Lein-

berger v. State, 204 Ind. 311, 183 N. E. 798; Baker v. State, 82 Miss. 84, 33 So. 716.

Kidd v. State, 97 Okla. Cr. 415, 266 P. (2d) 992, is factually most analogous to the instant case. The complaining witness, an 18-year-old girl working late in an office building, was offered a ride to her home but thereafter had sexual intercourse with the two male occupants of the automobile at a secluded spot. An examining physician testified that this was her first sexual experience. The defense argued that the evidence was insufficient to show that these acts were done without her consent because she had offered doubtful resistance. She had not been struck by the defendants and her body bore no bruises; she did not scream at the time and did not later rush into her home in hysterical outcry. The prosecution theory was that her resistance was overcome by fear of immediate and great bodily harm, accompanied by apparent power of execution. The examining physician was permitted to testify to her prior virginity, even though it appears that defendants had not directly challenged her chastity, arguing only that the circumstances, regardless of her prior chastity, evinced her consent. Although the precise issue of admissibility was not squarely considered, the admissibility of the testimony was assumed and the conviction was sustained.

We hold that the challenged evidence was admissible. It was neither unreasonable nor unfair for the prosecution to anticipate the obvious defense strategy and to introduce this evidence upon its case in chief. Having by cross-examination implanted in the minds of the jury a basis for asserting that the complaining witness had objectively manifested consent to these sexual acts and then opting for his constitutional right to remain silent and put the prosecution to its own proof, defendant would have foreclosed the prosecution from discharging its burden of proof by adducing evidence germane to the element of nonconsent. Although evidence of prior chastity might in other circumstances be either irrelevant or unduly inflammatory, that is not the situa-

tion here. The inflammatory character, if any, of this evidence was substantially diminished, in any event, by comparison with the more egregious events of this night that were unquestionably admissible.

We think the jury could find from the evidence, beyond a reasonable doubt, that the complaining witness' lack of physical resistance, and even her apparently passive compliance with the directions of defendant, was due to her reasonable fear that she was otherwise in danger of immediate and great bodily harm. Her testimony that she had previously attempted to get out of the automobile and that she was slapped and threatened with death if she did not cooperate is uncontroverted. Her hysterical condition upon reaching her dormitory after being released from the automobile is attested by the testimony of others. The jury, of course, could observe the physical appearance of the defendant and the complaining witness, as we cannot, in making its judgment as to the reasonableness of her fear of harm at the hands of the defendant.

Affirmed.