691 P.2d 67

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jerry Edward SINGLETON, a/k/a Gerald Edward Singleton, a/k/a Jay Harrison, Defendant-Appellant.**

**No. 7697.**

Court of Appeals of New Mexico.

Oct. 30, 1984.

**68**

Paul Bardacke, Atty. Gen., William Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Ken Cullen, Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant appeals his sentence and convictions of kidnapping, attempted criminal sexual penetration, and criminal sexual penetration in the second degree in violation of NMSA 1978, Sections 30–4–1 and 30–9–11(B) (Repl.Pamp.1984). Five issues are raised on appeal. We discuss: (1) claim of error in the admission of evidence; (2) claim of merger of the offense of kidnapping and criminal sexual penetration; and (3) claim of error in forms of verdict. We affirm.

**FACTS**

The victim, a seventeen-year-old high school student, encountered the defendant at a video game arcade in Albuquerque. The victim, a girlfriend of the victim, and the girlfriend's foster brother then drove with defendant to a party later that evening. At the party defendant, age 24, asked the victim if she would give him a ride home. The defendant rode with the victim, her girlfriend, and the girlfriend's foster brother in the victim's car. The four purchased a six-pack of beer and went to a city park to drink.

While at the park, defendant kept asking the victim's girlfriend to kiss him. She refused his advances. The girlfriend testified that defendant told her several times that "[w]hat you really need is a black man to take care of you and if you ever want anybody to take care of you, find me." Thereafter, the four left the park. The victim dropped off her girlfriend and the girlfriend's foster brother at their home. Defendant then gave the victim directions as to how to drive him to his home.

The victim testified that when she drove to the location defendant had described, he told her that he did not live there and instead lived at a new housing complex at Lomas and Tramway. As she was driving to the new location, defendant began choking her and telling her she had better do what he told her or he would kill her. The car stalled and defendant removed the keys. Defendant then twisted the victim's arm and pulled her out of the car by her feet.

Defendant forcibly pulled off the victim's pants and part of her underclothing. The victim began screaming for help and pleaded with defendant not to rape her, telling him she was still a virgin. She then grabbed a rock and struck him with it. Defendant then hit the victim in the eye and began cursing at her. The victim testified that the defendant continued striking her and forcibly performed oral and anal intercourse with her. The victim was rescued by a man who lived nearby and who had been awakened by the screams of the victim and the defendant's yelling.

Defendant denied that he had committed criminal sexual penetration upon the victim, although he admitted hitting and beating her. He testified that twice the victim brought up his prior criminal record and the second time this happened, he lost control and began beating her.

Dr. Robert Baker, a physician, testified that he had examined the victim following the incident, that she had bruises on her neck consistent with having been choked, and that the victim's rectum was swollen and abraded consistent with rectal penetration.

Barbara Crosby, a forensic serologist with the Albuquerque Police Department, testified that the defendant's shirt and pants had stains on them containing seminal acid phosphates. Crosby stated that these stains were compatible with the defendant's blood type.

## I. ADMISSIBILITY OF EVIDENCE

Defendant contends that the trial court erred in denying his motion in limine to exclude first, a statement allegedly made by defendant to the victim's girlfriend that "[w]hat you really need is a black man to take care of you and if you ever want anyone to take care of you, find me"; and second, a statement made by the victim to the defendant during the sexual assault pleading that she not be raped because she was still a virgin. The latter statement was repeated by the victim at trial. Defendant argues that the statements were irrelevant to the charges or, if probative of any relevant fact, the probative value was substantially outweighed by the danger of the unfair prejudice to defendant under NMSA 1978, Evid.Rule 403 (Repl.Pamp. 1983).

(a) The statement attributed to the defendant and sought to be suppressed by him was spoken to the victim's girlfriend, while the victim, her companions, and the defendant were together in the park and shortly prior to the time they left the area to go home. The victim's girlfriend testified that defendant kept asking her to kiss him and she kept saying, "No." She testified that the defendant said to her a couple of times, "[w]hat you really need is a black man to take care of you and if you ever want anyone to take care of you, find me."

■ The determination of whether to permit testimony under Evid.Rule 403, requires the trial judge to apply a balancing approach to ascertain whether the probative value of the evidence is outweighed by its possible prejudicial effect. *State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App. 1978); *State v. Henderson*, 100 N.M. 260, 669 P.2d 736 (Ct.App.), *cert. denied*, 100 N.M. 259, 669 P.2d 735 (1983). The appellate issue is whether the trial court abused its discretion by allowing the testimony into evidence. To make this determination, the reviewing court must consider the probative value of the testimony. *State v. Schifani*, 92 N.M. 127, 584 P.2d 174 (Ct. App.), *cert. denied*, 92 N.M. 180, 585 P.2d 324 (1978).

■ Defendant contends that the remark of defendant was not relevant or probative of any of the issues herein. We agree. However, under the circumstances herein, any error ensuing from the admission of such evidence was harmless. The victim positively identified defendant and gave direct evidence of the commission of each of the charges upon which defendant was convicted. The overwhelming properly admitted testimony and evidence supports defendant's convictions beyond a reasonable doubt. *See State v. Moore*, 94 N.M. 503, 612 P.2d 1314 (1980); *State v. Ho'o*, 99 N.M. 140, 654 P.2d 1040 (Ct.App.1982); *see also State v. Martinez*, 99 N.M. 48, 653 P.2d 879 (Ct.App.1982).

(b) Defendant also argues that the trial court erred in permitting the victim to testify that she pleaded with defendant not to "rape" her because she was still a virgin. Defendant argues that evidence of the victim's virginity was barred by NMSA 1978, Section 30–9–16 (Repl.Pamp.1984).

■ Defendant has misused Section 30–9–16 which is intended to protect victims from having their sexual history brought into evidence at trial when it is not relevant. Evidence of a victim's virginity is relevant in cases involving alleged forcible criminal sexual penetration where the consent of the victim is at issue. *State v. Aveen*, 284 Minn. 194, 169 N.W.2d 749 (1969); *Annot.*, 35 A.L.R.3d 1447 (1971).

The court in *Aveen* balanced the relevancy of the evidence against its possibly inflammatory character and decided that evidence of the victim's virginity was admissible to prove that she was forcibly raped even though she did not vigorously resist her attackers. Although the defendant did not raise the defense of consent in the case at bar because he denied any sexual contact with the victim, evidence that the victim had been forcibly raped was a fact necessary to be proven. In the present case, evidence as to what the victim said to the defendant before being sexually assaulted was relevant and admissible to show that the sexual attack actually oc-

curred and was carried out forcibly and violently. The victim's testimony tends to support her claim that she was sodomized and was relevant both to establish what in fact occurred during the incident and to rebut defendant's contentions that sexual penetration did not occur.

 Defendant contends any relevance that the victim's statement may have had was substantially outweighed by the possibility of prejudice ensuing to him. Evid.R. 403. We disagree. The fact that relevant evidence may tend to prejudice a defendant is not in and of itself grounds for the exclusion of the evidence. *State v. Garcia,* 99 N.M. 771, 664 P.2d 969, *cert. denied,* 462 U.S. 1112, 103 S.Ct. 2464, 77 L.Ed.2d 1341 (1983). The trial court weighed the probative value of the evidence against its prejudicial effect to the defendant and properly admitted the testimony in its evidence.

 Defendant also argues that the combination of the trial court's rulings on his two objections to the testimony sought to be excluded constituted cumulative error. Where no individual error is found, cumulative error does not exist. *State v. McGuinty,* 97 N.M. 360, 639 P.2d 1214 (Ct.App. 1982).

## II. CLAIM OF MERGER

Defendant argues that the kidnapping charge against him should be held to have merged with the two criminal sexual penetration charges. *See People v. Lombardi,* 20 N.Y.2d 266, 282 N.Y.S.2d 519, 229 N.E.2d 206 (1967), *cert. denied,* 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed. 111 (1974); *People v. Daniels,* 71 Cal.2d 1119, 80 Cal. Rptr. 897, 459 P.2d 225 (1969). Kidnapping is defined as "the unlawful taking, restraining or confining of a person, by force or deception, with intent that the victim: (1) be held for ransom; (2) as a hostage, confined against his will; or (3) be held to service against the victim's will." NMSA 1978, Section 30–4–1.

As set out in Section 30–9–11, the offense of criminal sexual penetration in the second degree "consists of all criminal sexual penetration perpetrated ... (2) by use of force or coercion which results in personal injury to the victim ... [or] (4) in the commission of any other felony...." Criminal sexual penetration is the "unlawful and intentional causing of a person, other than one's spouse, to engage in sexual intercourse ... or the causing of penetration, to any extent and with any object, of the genital or anal openings of another, whether or not there is any emission." *Id.* The term "force or coercion" is defined in NMSA 1978, Section 30–9–10(A)(2), to include "the use of threats to use physical violence or physical force against the victim or another when the victim believes that there is a present ability to execute such threats."

 Defendant contends that the offense of criminal sexual penetration necessarily requires the use of the same constraint found in kidnapping. *See Annot.,* 43 A.L.R.3d 699 (1972). We disagree. The elements of the two offenses of second degree criminal sexual penetration which defendant was convicted of do not involve all of the elements of kidnapping because no "unlawful taking, restraining or confining of a person" is required to prove commission of criminal sexual penetration. Sections 30–4–1, 30–9–11; *People v. Henderson,* 36 Ill.App.3d 355, 344 N.E.2d 239 (1976) (defendant convicted of separate offenses of kidnapping, rape, and robbery which arise out of a series of closely related events but require different elements of proof). In *State v. Sandoval,* 90 N.M. 260, 263, 561 P.2d 1353, 1356 (Ct.App.), *cert. denied,* 90 N.M. 637, 567 P.2d 486 (1977), this court held:

"Merger" is the name applied to the concept of multiple punishment when multiple charges are brought in a single trial. Tanton I ... [*State v. Tanton,* 88 N.M. 333, 540 P.2d 813 (1975)] Merger is an aspect of double jeopardy; it is concerned with whether more than one offense has occurred.

The test of whether one criminal offense has merged in another is not

"whether two criminal acts are successive steps in the same transaction ... but whether one offense necessarily involves the other." [Citations omitted.]

In the instant case the charges of criminal sexual penetration were not merged into the offense of kidnapping because different evidence was required for each crime. Under the facts of this case, the kidnapping occurred prior to the acts of criminal sexual penetration. Where different evidence underlies two offenses, no merger is required. *State v. Sandoval.* E.g., *State v. Young*, 91 N.M. 647, 579 P.2d 179 (Ct.App.), *cert. denied*, 91 N.M. 751, 580 P.2d 972, *cert. denied*, 439 U.S. 957, 99 S.Ct. 357, 58 L.Ed.2d 348 (1978). As held in *State v. Clark*, 80 N.M. 91, 451 P.2d 995 (Ct.App.), *overruled on other grounds*, 80 N.M. 340, 455 P.2d 844 (1969): "[I]f defendant committed other crimes in the process of violating our kidnapping statute, this does not immunize him from prosecution under our kidnapping statute."

## III. VERDICT FORMS

Defendant's final point is premised upon the assumption that the offense of kidnapping should have merged with the two offenses of criminal sexual penetration. Defendant asserts that since both verdict forms did not permit a determination of whether defendant perpetrated the offenses of criminal sexual penetration during the commission of another felony, that it cannot be determined whether the jury's verdict was based upon an improperly submitted issue.

As discussed previously, defendant's convictions for criminal sexual penetration were not dependent upon his conviction for kidnapping but incident to the causing of personal injury. The forms of verdict were not improper or prejudicial.

The judgment and sentences are affirmed.

**IT IS SO ORDERED.**

HENDLEY and BIVINS, JJ., concur.