581 P.2d 1288

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Johnny AUSTIN and Leonardo Hooks, Defendants-Appellees.**

**Nos. 3400, 3401.**

Court of Appeals of New Mexico.

June 27, 1978.

Rehearing Denied July 10, 1978.

Toney Anaya, Atty. Gen., Robert G. Sloan, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Sarah M. Singleton, Pickard & Singleton, Santa Fe, for defendants-appellees.

## OPINION

WOOD, Chief Judge.

These consolidated appeals present questions concerning the search of the trunk of the automobile driven by Hooks and in which Austin was a passenger. We discuss: (1) defendants' standing, and (2) consent to search.

Defendants' automobile was going 65 m.p.h. in a 55 m.p.h. zone. The state police officer stopped the vehicle for the purpose of issuing a ticket for speeding. Hooks' driver's license had expired. The officer was shown a "temporary transfer" card filled out in pencil with a possible alteration of the year shown on the card. The officer became suspicious that the car was stolen, and asked what was in the trunk. Informed there was luggage, the officer asked permission to look. Hook said either "Yes" or "Okay", and without hesitation, opened the trunk.

There was luggage in the trunk. In addition, the officer saw a partially open paper sack from which the top of a prescription bottle protruded. The officer opened the sack, there was cocaine in the bottle. Thereafter the car was searched, marijuana and additional incriminating evidence were discovered and seized. Defendants moved to suppress "all evidence or items seized". After an evidentiary hearing, the trial court suppressed the cocaine. The State appealed.

### Defendants' Standing

The State contends the motion to suppress should have been denied because defendants' lacked standing. The State asserts that defendants failed to affirmatively show that they were legitimately in the vehicle that was searched. Defendants were charged with possession of cocaine with intent to distribute, and possession of marijuana.

■ Defendants had standing because possession of the cocaine and marijuana were essential elements of the offenses with which they are charged. *State v. Nemrod,* 85 N.M. 118, 509 P.2d 885 (Ct.App. 1973), overruled on other grounds in *State v. Vigil,* 86 N.M. 388, 524 P.2d 1004 (Ct.App. 1974), cert. denied, 420 U.S. 955, 95 S.Ct. 1339, 43 L.Ed.2d 432 (1975); see *State v. Ellis,* 88 N.M. 90, 537 P.2d 698 (Ct.App. 1975); *State v. Torres,* 81 N.M. 521, 469 P.2d 166 (Ct.App.1970).

■ Relying principally on an overruled Maryland decision, the State contends *State v. Nemrod,* supra, should no longer be followed. We disagree. A defendant charged with possession has standing to challenge the validity of the seizure of the items allegedly possessed.

### Consent to Search

The trial court found there was a valid consent to search the trunk of the automobile. The trial court also found that the consent was "factually established by clear and convincing evidence." Nevertheless,

the trial court suppressed the cocaine on the basis that *State v. Ruud,* 90 N.M. 647, 567 P.2d 496 (Ct.App.1977) required this result.

The trial court's findings are consistent with *Ruud,* supra. Under those findings, *Ruud,* supra, did not require that the cocaine be suppressed. The trial court found a legitimate stop for speeding, that the officer had a reasonable basis for a "stolen automobile investigation", that Hooks consented to the officer looking in the trunk and without hesitation opened the trunk, that when giving consent there was nothing in the circumstances that was coercive or indicative of coercion other than the presence of the officers, that defendants presented no evidence of lack of valid consent. From the findings, the trial court could properly rule the evidence was clear and convincing, as required in *State v. Ruud,* supra.

 Contrary to defendants' contention, the trial court's findings are supported by substantial evidence. This evidence is much more than was present in *Ruud,* supra; thus, this case is factually distinguishable from *Ruud,* supra. The evidence in this case "could properly be construed as consent on this defendant's part to look into and make a search of the trunk." *State v. Bloom,* 90 N.M. 192, 561 P.2d 465 (1977).

■ Defendants argue:

Even assuming the consent to look into the trunk was valid, the consent was limited on its face to looking into the trunk to see if there was luggage. The officer's sole purpose for looking into the trunk was to determine whether there was luggage, the presence of which would have indicated the car was not stolen. Once the officer saw the luggage his viewing should have ceased. He had neither reason nor permission to seize the paper bag nor to search it.

This argument is a cunning attempt to confuse the facts. It is true that the officer was not looking for anything but luggage.

He testified he opened the paper sack because he was curious. The officer's personal motivations are not pertinent. Hooks consented to a search of the trunk and this consent was unlimited. There is no issue concerning a search in scope beyond the consent given. Searching pursuant to the consent, the officer could properly seize contraband found during the search. See *State v. Alderete,* 88 N.M. 619, 544 P.2d 1184 (Ct.App.1976).

The order of the trial court, suppressing the cocaine, is reversed. The cause is remanded for further proceedings.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.