610 P.2d 1208

**STATE of New Mexico, Petitioner,**

v.

**Albert Leo SMITH, III, Respondent.**

**No. 12816.**

Supreme Court of New Mexico.

May 6, 1980.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for petitioner.

Morris Stagner, Albuquerque, for respondent.

OPINION

EASLEY, Justice.

Smith was convicted of four counts of trafficking with intent to distribute narcot-

ic drugs. On appeal, the Court of Appeals found error in the failure to merge the four counts. We granted the State's petition for certiorari and reverse.

At issue is: (1) whether the Court of Appeals used the proper test in determining whether merger of the four counts into one was appropriate; and (2) whether one sale for a total sum of money to a single person of four packets containing different types of narcotic drugs is one criminal offense or four.

The four counts involve a sale by Smith to an informant. The officers seized from Smith's car a garbage bag containing approximately ten pounds of various kinds of pills separated into smaller bags. The four drugs on which Smith's convictions were based were percobarb, nucodan, percodan and donnagesic.

The Court of Appeals held: "[t]here being but one offense of trafficking in drugs, three of the trafficking convictions must be set aside."

The New Mexico Constitution provides in Art. II, Section 15 that no person shall "be twice put in jeopardy for the same offense." Therefore, all four of the convictions of Smith cannot stand if the sale constituted the "same offense."

In *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975) *(Tanton II)*, this Court discussed in detail when a criminal act consisted of only "one offense". We applied the same evidence test, that is, whether the same facts offered in support of one offense would sustain a conviction of the other. *Id.* at 335, 540 P.2d at 815. The facts offered in support of one of the counts here would sustain a conviction of all the other counts, except that each of the counts charged Smith with trafficking in a *different* drug.

In *State v. Sandoval*, 90 N.M. 260, 561 P.2d 1353 (Ct.App.1977), *cert. denied*, 90 N.M. 637, 567 P.2d 486 (1977), relied on by the Court of Appeals here in merging the four counts, the issue was whether the defendant could be charged with armed robbery and aggravated battery as a result of only one criminal act or occurrence. The

Court of Appeals there held that the same evidence test did not apply, since the facts required to be proved for the two offenses differed. But the court also discussed whether one offense necessarily involved the other, and whether, under the elements test, the crimes charged were the same. Both of these approaches are valid in helping to determine whether a criminal act or occurrence constitutes more than "one offense". This distinction becomes germane when an issue arises, as in *Sandoval*, as to whether a lesser offense is necessarily included in a greater offense.

In the instant case there is no issue as to included offenses. The Court of Appeals here also relied on *State v. Boeglin*, 90 N.M. 93, 559 P.2d 1220 (Ct.App.1977), in which that court had held that the defendant could only be prosecuted for one larceny for stealing five pistols. The defendant had been convicted for five counts of larceny, one for each of the guns. The Court of Appeals there failed to apply the same evidence test although it recognized that each of the larceny counts required different proof as to each pistol. Rather, it merged the five counts on *policy* grounds. Even though *Tanton II, supra*, had already established the same evidence test, the Court of Appeals in *Boeglin* reasoned that many pre-*Tanton II* New Mexico cases established, on public policy grounds, that in some cases the taking of two or more articles of property from the same owner at the same time and place should be prosecuted as only one larceny. In *Boeglin* the Court of Appeals indicated that, although many of these pre-*Tanton II* cases used what we now consider to be the *wrong test* in determining whether one or more offenses is involved, the *policy considerations* stated in them are still good.

In *Tanton II*, this Court affirmed reliance upon judicial policy in resolving questions not involving the constitutional prohibition against double jeopardy. Thus, when multiple acts cannot be classified as "one offense" under the same evidence test, they may nevertheless be divided into multiple counts if some applicable policy so demands. In *Tanton II* we reiterated the judicial poli-

cy against piecemeal prosecutions and held that an overriding state interest is the efficient and economic prosecution of crimes.

In the case at bar, there is no double jeopardy problem because the same evidence rule does not bar prosecution on each of the drug counts. Thus, this Court can consider whether public policy demands that the charges be merged or prosecuted separately. The State argues that if a dealer in illegal drugs knows that he can possess and traffic in many different narcotics without fear of multiple prosecutions, this would encourage traffickers to keep several different drugs on hand and sell different drugs in one sale. This would multiply the trafficker's chances of selling large quantities of drugs to a wider clientele "shopping" at a single "store" for a variety of drugs in a single stop. In addition, this "one-stop shopping" would enhance the likelihood of mixing drugs or taking incompatible drugs at one time, which would make it more difficult to medically diagnose or treat the customer or victim.

We are persuaded that the public interest and the intent of our drug laws militate against this Court permitting here the merger of the four counts of trafficking in the four separate drugs.

We reverse the Court of Appeals and reinstate the convictions and sentences of Smith.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, FEDERICI and FELTER, JJ., concur.