615 P.2d 1004

STATE of New Mexico,
Plaintiff-Appellant,

v.

John Michael WHITE and Manuel Esteban Pazos, Defendants-Appellees.

Nos. 4410, 4438.

Court of Appeals of New Mexico.

July 17, 1980.

Jeff Bingaman, Atty. Gen., John G. McKenzie, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Larry R. Hill, Alamogordo, for White.

Jack T. Whorton, Alamogordo, for Pazos.

## OPINION

WOOD, Chief Judge.

The State appealed the trial court's order suppressing marijuana contained in two cardboard boxes and two bags. The boxes and bags were in the trunk of the car occupied by the two defendants. The trial court, in its findings, referred to the bags as "onion or sugar sacks". The dispositive issue is whether there was a reasonable expectation of privacy as to the contents of the boxes and bags. The search was warrantless and there is no claim of exigent circumstances.

Defendants' car stopped at a border patrol checkpoint in Otero County, New Mexico. Because of certain observations of the border patrol officer and the experience of the officer in connection with what he observed, Pazos was asked to open the trunk of the car. Pazos complied. The cardboard boxes were observed, and the bags, hidden by clothing, were discovered during the search of the trunk.

The State contends the trial court erred in finding there was no consent to the search. Consent is a question of fact. Although there are conflicting inferences from the evidence, the trial court could properly find there was no consent. *State v. Austin*, 91 N.M. 793, 581 P.2d 1288 (Ct. App.1978); *State v. Ruud*, 90 N.M. 647, 567 P.2d 496 (Ct.App.1977).

Although the trial court found a lack of consent to search, it also found that the border patrol officer had probable cause to search the trunk for illegal aliens. Defendants assert the evidence does not support this finding. We need not answer this contention; however, see *State v. Franco*, 94 N.M. 243, 608 P.2d 1125 (Ct.App.1980).

Once the trunk of the car was opened, the trial court found that the officer "detected a strong odor of marijuana." This finding is not challenged. The odor provided probable cause to search for marijuana. *State v. Sandoval*, 92 N.M. 476, 590 P.2d 175 (Ct. App.1979).

The boxes and bags were discovered during the search for marijuana. The evidence is to the effect that the boxes and bags were closed containers. Pazos was asked what was in the boxes; he replied that they contained books. Pazos started to open one of the boxes, then hesitated; an officer actually opened the box and discovered that it contained marijuana. An officer opened the other box and the two bags; they also contained marijuana.

The trial court ruled the officers had probable cause "to search the vehicle and any containers therein which were not repositories of personal effects." The trial court suppressed, as evidence, the two boxes, the two bags, and their contents. In so doing, it applied the rule that even if there is probable cause to seize personal luggage, it cannot be opened and searched without a warrant. "An officer's authority to possess a package is distinct from his authority to examine its contends." *Walter v. United States*, —— U.S. —— at ——, 100 S.Ct. 2395 at 2398, 65 L.Ed.2d 410 (1980).

■ The State contends the rule does not apply until the police have "secured" the luggage, that is, reduced the luggage to their "exclusive control". See *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). The State asserts the officer did not have exclusive possession of the boxes (and presumably the bags, also) when the search occurred. No such theory

was relied upon by the State in the trial court; the State's theories in the trial court, as shown by its requested findings and conclusions, were (a) consent and (b) the boxes and bags were not repositories of personal effects. Because "exclusive possession" was not relied on in the trial court, this contention will not be considered on appeal. Rule of Crim.App.Proc. 308.

■ The State claims the two boxes and two bags were "not common repositories for one's personal effects and associated with the expectation of privacy." The State would liken the boxes and bags to the plastic bag in *State v. Smith*, (Ct.App.) No. 3927, filed November 8, 1979 (St.B.Bull. Vol. 19, No. 3, p. 37), overruled by the Supreme Court on other grounds, 94 N.M. 379, 610 P.2d 1208 (1980). The Court of Appeals opinion in *State v. Smith*, supra, stated:

> Luggage is a common repository for one's personal effects, and therefore is inevitably associated with the expectation of privacy. Some containers by their very nature cannot support any reasonable expectations of privacy because their contents can be inferred from their outward appearance.

*Smith* held that the plastic bag (which contained drugs) did not fall in the same classification as a suitcase.

*State v. Smith*, supra, followed footnote 13 in *Arkansas v. Sanders*, supra. That footnote is quoted in *State v. Walker*, 93 N.M. 769, 605 P.2d 1168 (Ct.App.1980). The footnote points out that not all containers found by police during the course of a search will deserve the full protection of the Fourth Amendment to the United States Constitution (search and seizure). The footnote states: "There will be difficulties in determining which parcels taken from an automobile require a warrant for their search and which do not." Thus, whether a warrant is required to search a container which has been seized depends upon the facts concerning the container.

The State seeks to have us declare, as a matter of law, there was no expectation of

privacy in the two boxes and two bags and, therefore, a warrant was not required to search these items. We disagree.

*United States v. Chadwick,* supra, involved a footlocker; *Arkansas v. Sanders,* supra and *State v. Walker,* supra, involved suitcases. *United States v. Dien,* 609 F.2d 1038 (2d Cir. 1979), aff'd on rehearing, 615 F.2d 10 (2d Cir. 1980), held there were reasonable expectations of privacy in three large cardboard boxes, each partially sealed with plastic tape, and a warrant was required to search the boxes. *United States v. Chadwick,* supra, referred to " 'luggage or other personal property.' " The form of the container—footlocker, suitcase, box— may not be determinative; whether a warrant is required to search a closed container depends on whether there was a reasonable expectation of privacy as to its contents.

In this case the trial court found that the boxes and bags were shown by a photograph which was in evidence. The photograph reveals that the boxes were closed and at least partially sealed by tape. The photograph shows the bags were of solid material, not "mesh" as the State contends. The bags were closed and tied at the top. From their appearance in the photograph, the trial court could properly rule that there was a reasonable expectation of privacy in these items. A warrant was required to search these items. The search being warrantless, the trial court properly suppressed the boxes, bags and contents.

The State contends that our holding in the preceding paragraph is based on *Arkansas v. Sanders,* supra. It claims that *Sanders* is not applicable because it was decided one day after the search in this case. It asserts that the application of *Sanders* to this case would be an improper retroactive application of new law. These arguments are spurious. *Sanders* followed *United States v. Chadwick,* supra, which was decided long before the search in this case. This Court applied *United States v. Chadwick,* supra, in *State v. Kaiser,* 91 N.M. 611, 577 P.2d 1257 (Ct.App.1978), and *Kaiser* had been decided before the search in this case. Both *Chadwick* and *Kaiser* apply; *Sanders* did not state new law. There was no retroactive application of new law. See *State v. Kaiser,* supra.

The order suppressing evidence is affirmed.

IT IS SO ORDERED.

ANDREWS, J., concurs.

HENDLEY, J., specially concurs.

HENDLEY, Judge (specially concurring).

I concur in the majority opinion except as to that part which relates to probable cause and "however, see *State v. Franco,* 94 N.M. 243, 608 P.2d 1125 (Ct.App.1980)." This language is totally unnecessary to the opinion and *appears* to give weight to an opinion which I consider totally wrong in its discussion as to what amounts to probable cause.