748 P.2d 17

STATE of New Mexico, Petitioner–Appellee,

v.

MICHAEL G., a Child, Respondent–Appellant.

No. 9900.

Court of Appeals of New Mexico.

Nov. 17, 1987.

Certiorari Denied Dec. 23, 1987.

Hal Stratton, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

Jacquelyn Robins, Chief Public Defender, Kerry Kiernan, Asst. Appellate Defender, Santa Fe, for respondent-appellant.

## OPINION

BIVINS, Judge.

Respondent appeals from an order of the children's court revoking his probation. He claims the children's court erred in refusing to suppress certain evidence that provided the basis for the revocation. We affirm.

## FACTS

Two assistant principals at Carlsbad High School received a telephone call from the swimming coach. The coach informed them that a student had told him respondent tried to sell marijuana to the student. The coach did not identify the student or provide any other details about the alleged attempted sale. Acting on this information, the two assistant principals went to the school swimming pool and asked the coach to point out the student who had attempted to sell the marijuana. The coach indicated respondent, who was in the pool. The assistant principals requested that respondent leave the pool and accompany them to his locker. They searched the locker and discovered two cigarettes that looked like marijuana joints. At this point, the principals took respondent and the cigarettes to an office and called the police. The cigarettes subsequently tested positive for marijuana or the presence of tetrahydrocannabinols (THC).

In December 1986, at the time of the incident, respondent was on probation for a prior, unrelated conviction. In early January 1987, based upon the discovery of the marijuana, the state filed a petition to revoke respondent's probation. Thereafter, respondent filed a motion to suppress the marijuana. Such motion was denied.

## DISCUSSION

Respondent contends that the revocation of his probation should be reversed, for two reasons: (1) the cigarettes should not have been entered into evidence because they were the fruit of an unreasonable search that violated the fourth amendment to the United States Constitution and N.M. Const. art. II, § 10; and (2) the children's

court lacked substantial evidence to find that respondent possessed marijuana. Respondent's brief-in-chief also raised the issue of lack of consent to the search, but the state has conceded that no consent was given. The state's answer brief raised an issue that was not brought to the attention of the children's court or to respondent's counsel in the proceedings below; that the exclusionary rule does not apply to juvenile probation revocation proceedings, so that even if the search in this case was unreasonable, the cigarettes discovered during that search were properly admitted into evidence. Since this issue was not raised below and is not necessary to our disposition on appeal, we need not consider it. *State v. Gallagher*, 100 N.M. 697, 675 P.2d 429 (Ct.App.1984); *State v. White*, 94 N.M. 687, 615 P.2d 1004 (Ct.App.1980).

### (1) Reasonableness of The Search

■ Warrantless searches in schools are not subject to the same strictures as warrantless searches in other situations. Ordinarily, a warrantless search must be based on probable cause; a search of a student in a school, however, does not require such cause. *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). A search of a student is justified in its inception if reasonable grounds exist to suspect that the search will uncover evidence of violations of law or school rules. *Id.* The question to be answered in this case, then, is whether, prior to the discovery of the marijuana, the assistant principals had reasonable grounds to suspect that respondent was violating the law or school rules.

Before discussing that issue, we note that the Supreme Court in *T.L.O.* did not address the question of whether students have a legitimate expectation of privacy in lockers, desks, or other school property provided for storage of their belongings. *See* 469 U.S. at 337–338, fn. 5, 105 S.Ct. at 741–742, fn. 5. Prior to *T.L.O.*, some courts had determined that students had no reasonable expectation of privacy in such places. *See, e.g., Zamora v. Pomeroy*, 639 F.2d 662 (10th Cir.1981); *State v. Stein*, 203 Kan. 638, 456 P.2d 1 (1969), *cert. denied*, 397 U.S. 947, 90 S.Ct. 966, 25 L.Ed.2d

128 (1970); *People v. Overton*, 24 N.Y.2d 522, 301 N.Y.S.2d 479, 249 N.E.2d 366 (1969). Since *T.L.O.*, however, at least two state court cases have held that the *T.L.O.* standard of reasonable grounds does apply to locker searches. *In re Interest of Dumas*, 357 Pa.Super. 294, 515 A.2d 984 (1986); *State v. Joseph T.*, 336 S.E.2d 728 (W.Va.1985). The state concedes that the *T.L.O.* standard applies to searches of lockers, as well as the student. We agree.

■ Relying on *Doe v. State*, 88 N.M. 347, 540 P.2d 827 (Ct.App.1975), respondent argues that no reasonable grounds for a search were present. In *Doe*, this court articulated a "reasonable suspicion" standard similar to the *T.L.O.* standard and applied it to a school search. We also enumerated several factors to consider in determining the existence of such reasonable suspicion. Among the factors to be considered, we said, are the child's age and history of disciplinary problems; the prevalence in the school of the problem at which the search is directed; the exigency to make the search without delay; and the probative value and reliability of the information used to justify the search. Respondent contends that these factors must be applied in fleshing out the *T.L.O.* reasonableness standard. The state, on the other hand, asserts that the *T.L.O.* decision rejected the application of such stringent factors and, in so doing, rendered the *Doe* opinion ineffective.

In *T.L.O.*, the Supreme Court reviewed a decision of the New Jersey Supreme Court, *State In Interest of T.L.O.*, 94 N.J. 331, 463 A.2d 934 (1983). The New Jersey court had applied a reasonable grounds test that included the same factors as those set out in *Doe*. In reviewing that decision, the United States Supreme Court stated that the New Jersey court's standard was not substantially different from its own newly-promulgated standard. The Court did not, however, apply the several factors listed in the lower court's opinion. Instead, it relied on a more general "totality of the circumstances" test and reversed the lower court's determination that the search had not been based on reasonable grounds.

*New Jersey v. T.L.O.,* 469 U.S. at 341–342, 105 S.Ct. at 743–744. It is, therefore, apparent that the *Doe* factors cannot be mechanically applied to determine whether a school search was justified. Thus the absence of consideration of one or more of those factors will not automatically lead to a finding that reasonable grounds for the search did not exist. On the other hand, the *Doe* factors provide a useful guide in determining whether a school search was reasonable under the fourth amendment.

With these principles in mind, we consider the facts of this case. The information that provided the basis of the search was the specific statement of a student that respondent had tried to sell some marijuana to him. It was not a mere rumor or belief, but an eyewitness account of a breach of school rules and the law. As such, the student's statement is analogous to a statement by a citizen-informant, as opposed to a paid, confidential informant.

 Statements by eyewitness citizen-informants are subject to much less stringent credibility verification requirements than ordinary police informants' statements because citizens presumably have nothing to gain by fabrication. *United States v. Gagnon,* 635 F.2d 766 (10th Cir. 1980), *cert. denied,* 451 U.S. 1018, 101 S.Ct. 3008, 69 L.Ed.2d 390 (1981). A person who purports to be a witness or a victim of a crime may be presumed reliable, although police and other government officials must remain alert to the existence of particular circumstances that would indicate unreliability. 1 W. LaFave, *Search and Seizure* § 3.4(a) (2d ed.1987). The reliability of a citizen-informant may be established by the mere fact that the citizen was willing to approach an official with the information, unless the citizen, upon request, is unwilling to provide his or her name and other identifying data. 1 W. LaFave, *supra. Cf. State v. Walker,* 19 Or.App. 420, 528 P.2d 113 (1974) (revelation of informant's identity could establish reliability of informant).

In the absence of facts indicating a reason for rejecting this doctrine where students are the informants, we will apply it in this case. A student's direct statement to a person in authority, indicating personal knowledge of facts which establish that another student is engaging in illegal conduct, may provide school authorities reasonable grounds to search the second student's locker. We caution, however, that merely relaying rumors or suspicions about another student is not sufficient to provide reasonable grounds. *See In re William G.,* 40 Cal.3d 550, 221 Cal.Rptr. 118, 709 P.2d 1287 (1985) (In Bank). In addition, a statement that is overheard is not as credible as one made directly to a person in authority. *A.B. v. State,* 440 So.2d 500 (Fla.App.1983). The willingness to identify oneself to the authorities as an eyewitness provides an accurate indicator of credibility. *State v. Walker.* If, on the other hand, facts are present to indicate that the complaining student has reason to lie, then the authorities are under an obligation to investigate the circumstances before initiating a search.

 In the instant case, the student, who was an eyewitness to the crime, approached one of his teachers and told that teacher what had happened. This was not a statement of suspicion or rumor, but an account of what the student had witnessed. Under those circumstances, the student's statement, relayed to the assistant principals, provided reasonable grounds for a search of respondent's locker. The fact that the principals did not know the identity of the complaining student, while relevant in a probable cause case, does not affect the finding that this search was based upon reasonable grounds.

Courts from other jurisdictions that have considered this issue have reached similar results. In *State v. McKinnon,* 88 Wash.2d 75, 558 P.2d 781 (1977) (En Banc), a police chief received a tip from a confidential informant whose reliability was not established. The informant claimed that two students at a school were selling drugs and described what the two were wearing, as well as the pockets in which they kept their drugs. The chief relayed this tip to the school principal, who initiated a search and discovered amphetamines in the two students' pockets. This search, although

based on a completely anonymous tip, was held to be based on reasonable suspicion. *See also State in Interest of G.C.*, 121 N.J.Super. 108, 296 A.2d 102 (1972) (holding that an anonymous telephone call and a student's statement to a teacher that G.C. had pills and was trying to sell them gave rise to reasonable suspicion for a search); *Commonwealth v. Dingfelt*, 227 Pa.Super. 380, 323 A.2d 145 (1974) (holding that a student's statement that defendant was offering to sell capsules to other students constituted a reasonable basis for a search).

### (2) Substantial Evidence

 Pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), respondent argues the state did not prove that the substance in the cigarettes was marijuana. Respondent contends the state did not provide through an expert a specific conclusion that the cigarettes contained marijuana. This contention is without merit. One assistant principal testified that he was familiar with marijuana cigarettes and recognized these cigarettes as such. The police officer testified that his tests showed the presence of marijuana or THC in the cigarettes. After the search, respondent told one of the principals that he tried to sell the marijuana to raise money for school fees. Substantial evidence was present for the children's court to find that respondent was in possession of marijuana, and respondent introduced no evidence indicating otherwise. *See State v. Chouinard*, 96 N.M. 658, 634 P.2d 680 (1981), *cert. denied*, 456 U.S. 930, 102 S.Ct. 1980, 72 L.Ed.2d 447 (1982).

### CONCLUSION

We hold that the school officials had reasonable grounds to search respondent's locker and that the search did not violate the fourth amendment of the United States Constitution or the New Mexico Constitution. We also hold that the children's court's finding that respondent was in possession of marijuana is supported by sub-

stantial evidence. We, therefore, affirm the revocation of respondent's probation.

IT IS SO ORDERED.

GARCIA and FRUMAN, JJ., concur.