This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                        **NO. 28,511**

**ROBERT F.,**

     Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

     Robert F. (Child) appeals the denial of his motion to suppress and judgment of

delinquency for possession of drug paraphernalia. On appeal, Child argues the search that produced the incriminating evidence was not substantiated under the standard of reasonable suspicion. We affirm.

**BACKGROUND**

The events in question occurred at Mesa Alta Middle School in Bloomfield, New Mexico where Child was a student. A teacher on duty reported to the principal that Child had ingested an unknown substance while on campus. The teacher sent Child to the principal's office. Pursuant to school procedures, the principal directed Child to the school nurse for a medical evaluation for any ill effects from the unknown substance. After the medical evaluation, the principal met with Child. Child acknowledged that he had ingested a substance but he maintained the substance was only to clean his system of drug residue. The principal proceeded to search Child and found a pipe bowl. The principal concluded from the smell of the object that it had been used to smoke marijuana.

Child was subsequently charged with misdemeanor possession of drug paraphernalia contrary to NMSA 1978, § 30-31-25.1(A) (2001). Child filed a motion to suppress evidence asserting that the search was not supported by reasonable suspicion and no "logical connection" existed between the search for contraband and

any alleged wrongdoing. The district court denied the motion based on the fact that the principal conducted the search based upon information from a teacher and from Child himself that Child had taken some unknown substance.

**DISCUSSION**

On appeal, Child argues the search was not substantiated under the standard of reasonable suspicion and the evidence should have been excluded. Child's plea and disposition agreement reserves his right to appeal the district court's denial of his motion to suppress.

As "[a] motion to suppress evidence raises issues of fact and issues of law" we employ a two-part standard of review. *State v. Pablo R.*, 2006-NMCA-072, ¶ 9, 139 N.M. 744, 137 P.3d 1198. "[F]irst, we determine whether the findings of fact made by the district court are supported by substantial evidence; second, we engage in a de novo review of the application of the law to those facts." *Id.* "We view the facts as determined by the district court in the light most favorable to its ruling, [and] we indulge all reasonable inferences in support of the district court's ruling, and we disregard all evidence and inferences to the contrary." *Id.* (internal citations omitted). As the reasonableness of a search is a matter of law, we consider the reasonableness of the search de novo. *Id.*

3

Pursuant to maintaining order and discipline on school grounds, school officials require neither a search warrant nor probable cause to search a student or their belongings. *State v. Crystal B.*, 2001-NMCA-010, ¶ 14, 130 N.M. 336, 24 P.3d 771. However, students do not forfeit their constitutional rights when at school, rather they enjoy a legitimate expectation of privacy that can only be intruded upon under a reasonable showing of circumstances by school officials. *State v. Tywayne H.*, 1997-NMCA-015, ¶ 7, 123 N.M. 42, 933 P.2d 251.

Reasonableness of student searches by public school officials are measured by the two-prong test announced in *New Jersey v. T.L.O.*, 469 U.S. 325, 341-43, (1985) and followed in *Pablo R.*, 2006-NMCA-072, ¶ 11. A valid on-campus search of a student by a school official requires (1) justification at its inception, and (2) reasonable relation in scope to the circumstances that grounded the initial justification. *Id.* A search justified at its inception carries reasonable grounds that the search will deliver evidence that the student has violated the law or school policy. *Id.* Such searches are reasonably related in scope when "the measures adopted and used are reasonably related to the objectives of the search and are not excessively intrusive in light of the age and sex of the student and the nature of the alleged infraction." *Id.* A justifiable search of a student on school grounds requires specific articulable facts

that support a reasonable suspicion at the inception of the search that the student is engaging in a prohibited activity. *Id.* ¶¶ 11, 16.

The search of Child on school grounds was prompted by explicit facts giving rise to a reasonable suspicion that the search would turn up evidence that Child had violated the law. The principal relied on the teacher's report to him and Child's admission that he did ingest an unknown substance for the purpose of cleaning his system of drug residue, thus implicitly admitting that he had used drugs. These facts standing alone or in combination merit the principal's search of Child for possession of illegal substances or substances that students are not permitted to take on campus without school-nurse supervision. The individualized reports of drug use and Child's admission generated a clear "nexus" and "logical connection" to search Child for items related to drug use on campus. *See Pablo R.*, 2006-NMCA-072, ¶¶ 12, 14 (finding no logical connection between the search of student for drug paraphernalia and student being out of class without a hall pass). The search in question was reasonably related in scope to the circumstances that grounded the initial suspicion of prohibited drug use and the search produced evidence of drug use on campus that is both illegal and a violation of school regulations.

While Child questions the source of the information and its legitimacy, such

objections do not affect the finding that the search of Child was based on reasonable grounds. "The fact that the principal[ ] did not know the identity of the complaining student[s], while relevant in a probable cause case, does not affect the finding that this search was based upon reasonable grounds." *State v. Michael G.*, 106 N.M. 644, 647, 748 P.2d 17, 20 (Ct. App. 1987). In *Michael G.*, we addressed validity of student informants and declared "[a] student's direct statement to a person in authority, indicating personal knowledge of facts which establish that another student is engaging in illegal conduct, may provide school authorities reasonable grounds to search the second student[]." *Id.* While the opinion warns the relaying of rumors or suspicions will not provide reasonable basis, it gives school officials the "obligation to investigate the circumstances" if there is reason to suspect the complaining student is lying. *Id.* Before searching Child, the principal received information from a teacher about suspected wrongdoing by a student. Both the principal and the teacher are persons with "authority to enforce school rules governing students on property belonging to the public school and while students are under the control of the public school." *Crystal B.*, 2001-NMCA-010, ¶ 17. Therefore, the teacher acted with discretion in reporting a possible infraction and health hazard that jeopardized school student safety, and in proceeding to search Child to address the threat, the principal

had both an individualized suspicion and "eyewitness information that an infraction had occurred." *See Kennedy v. Dexter Consol. Schs.*, 2000-NMSC-025, ¶ 17, 129 N.M. 436, 10 P.3d 115.

Child's statement confirmed the reasonable suspicion and provided additional initiative to search Child for items related to drug use on campus. Child admitted to having taken substances, insisting the substances ingested were merely to cleanse drugs from his system. This admission implies that Child had drugs in his system and possibly more in his possession. The admission revealed a need to search Child for samples of the substance Child admitted to taking. In light of such compelling and corroborated information, the principal proceeded to search Child and the search provided the incriminating drug paraphernalia.

**CONCLUSION**

The order of the district court denying Child's motion to suppress is affirmed.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____

**CELIA FOY CASTILLO, Judge**

8