This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37030**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**ALEXANDER URQUIDEZ,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**B. ZAMORA, Judge.**

**{1}** The State appeals the district court's dismissal of two counts of possession of a controlled substance (cocaine and marijuana) contrary to NMSA 1978, Section 30-31-23 (2011, amended 2019). The State argues that the district court erred in merging the charges because (1) convictions for simultaneous possession of different controlled substances does not violate double jeopardy; and (2) the district court's dismissal of the charges during a preliminary hearing on probable cause was improper. Because we

conclude the district court erred in dismissing two counts of possession of a controlled substance, we do not address the State's remaining argument. We reverse the district court's dismissal and remand for further proceedings consistent with this opinion.

## BACKGROUND

**{2}** The State filed a criminal information charging Defendant with three counts of possession of a controlled substance. This appeal arises from the district court's dismissal of two of the counts at a preliminary hearing.

**{3}** The following facts are derived from the arresting officer's testimony given at the hearing. Deputy Dan DeGraff pulled Defendant over after observing faulty equipment and improper registration on Defendant's vehicle. Defendant, unable to provide registration and proof of insurance, reached into a black container to provide the deputy with a title for the vehicle. When Defendant opened the black container, Deputy DeGraff saw and smelled marijuana in the container. Deputy DeGraff then arrested Defendant for possession of marijuana. While conducting a pre-tow inventory of the vehicle, the deputy discovered methamphetamine in the back seat and cocaine in the trunk of the vehicle.

**{4}** After Deputy DeGraff's testimony, the district court found that there was only "one intent to possess" all three controlled substances, merged the three counts into a single count for possession of "amphetamines, or cocaine, or marijuana," and dismissed the other two counts. The State appeals pursuant to NMSA 1978, Section 39-3-3(B)(1) (1972) (permitting the state to file a pre-trial appeal "within thirty days from a decision, judgment or order dismissing a complaint, indictment or information as to any one or more counts").

## DISCUSSION

### The District Court Erred in Merging the Counts of Possession of Controlled Substances

**{5}** The State contends the district court erred in merging three counts of possession of a controlled substance into a single count under Section 30-31-23. The district court determined that Defendant only had "one intent to possess" and therefore, merger of the charges was appropriate. We agree with the State that the district court erred in merging Defendant's three counts of possession.

**{6}** Merger is an aspect of double jeopardy, which protects against multiple punishments for the same offense. *State v. Santillanes*, 2001-NMSC-018, ¶ 28, 130 N.M. 464, 27 P.3d 456 ("Merger in New Mexico is a remedial measure in response to a violation of the double jeopardy protection against multiple punishments for a single offense."). When a defendant is facing multiple punishments under the same statute, we apply a "unit of prosecution" analysis to determine "whether the [L]egislature intended punishment for the entire course of conduct or for each discrete act." *Swafford v. State*,

1991-NMSC-043, ¶ 8, 112 N.M. 3, 810 P.2d 1223; *see State v. Ramirez*, 2018-NMSC-003 ¶ 46, 409 P.3d 902 (explaining "the unit of prosecution defines how many offenses the defendant has committed" (emphasis, internal quotation marks, and citation omitted)). "First, courts must analyze the statute at issue to determine whether the Legislature has defined the unit of prosecution." *State v. Swick*, 2012-NMSC-018, ¶ 33, 279 P.3d 747. At this first step, we review the "plain language of the statute." *Ramirez*, 2018-NMSC-003, ¶ 47. If the language of the statute clearly identifies the unit of prosecution, the "inquiry is complete and [we] proceed[] no further." *State v. Bello*, 2017-NMCA-049, ¶ 11, 399 P.3d 380. "A double jeopardy challenge is a constitutional question of law, which we review de novo." *Id.* ¶ 6 (alteration, internal quotation marks, and citation omitted); *see State v. Olsson*, 2014-NMSC-012, ¶ 14, 324 P.3d 1230 ("The issue of intended unit of prosecution is a question of law subject to de novo review.").

**{7}** In ascertaining whether the Legislature has clearly defined the unit of prosecution for charges of possession of a controlled substance, we begin by looking at the plain language of Section 30-31-23(A) and the statutory provisions discussing the criteria for classifying controlled substances as Schedule I, II, III, IV, and V, and enumerating classified substances. *See* NMSA, §§ 30-31-5 (1972), -6 (2017, amended 2019), -7 (2007), -8 (2005), -9 (2005), -10 (2006). Section 30-31-23(A) reads, "It is unlawful for a person intentionally to possess *a* controlled substance[.]" (Emphasis added.) The Legislature clarified that a "controlled substance" is "a drug or substance listed in Schedules I through V." NMSA 1978, § 30-31-2(E) (2019). Notably, the statutory language of Section 30-31-23(A) and Sections 30-31-6, -7 each refer to "a controlled substance" and specifically reference controlled substances in the singular. In *Ramirez*, our Supreme Court noted that "[a] legislative reference to an item in the singular suggests that each instance of that item is a separate unit of prosecution." 2018-NMSC-003, ¶ 52 (internal quotation marks and citation omitted). Applying *Ramirez*, the language chosen by the Legislature in Section 30-31-23(A) and (C) indicates that the Legislature intended to allow separate punishments for each discrete act of possessing a different controlled substance. Consequently, if the State proves Defendant simultaneously possessed three distinct controlled substances, he can be convicted for three violations of Section 30-31-23(A). *See State ex rel. Clinton Realty Co. v. Scarborough*, 1967-NMSC-152, ¶ 9, 78 N.M. 132, 429 P.2d 330 ("Statutes are enacted as a whole and consequently each section or part should be construed in connection with every other part or section so as to produce a harmonious whole.").

**{8}** Our conclusion is consistent with our Supreme Court's interpretation of NMSA 1978, Section 30-31-20 (2006), where the Court analyzed the unit of prosecution applicable to charges of trafficking a controlled substance. *See State v. Smith*, 1980-NMSC-059, ¶ 11, 94 N.M. 379, 610 P.2d 1208 (holding that merger was not appropriate for four counts of trafficking with intent to distribute because the defendant possessed four different drugs). We also have recognized that convictions for trafficking heroin and methamphetamine possessed at the same time was not a violation of double jeopardy. *See State v. Chavez*, A-1-CA-35504, mem. op. ¶ 14 (Nov. 26, 2018) (non-precedential) (holding that "two controlled substances requiring different scientific testing . . . are

critically different drugs" and therefore convictions of two separate counts for possession with intent to distribute did not violate double jeopardy).

**{9}**     In this case, Defendant was charged with possession of marijuana, cocaine, and methamphetamine. Marijuana is identified as a Schedule I controlled substance under Section 30-31-6(C), while cocaine and methamphetamine are identified as Schedule II controlled substances under different subsections of Section 30-31-7(A). *Compare* § 30-31-6(C)(10) (identifying marijuana as a Schedule I drug), *with* 30-31-7(A)(3)(c) (identifying methamphetamine as a Schedule II drug), *and* § 30-31-7(A)(1)(d) (identifying cocaine as a Schedule II drug). We hold that Defendant's separate charges for simultaneous possession of three distinct controlled substances was not a violation of double jeopardy, and, therefore, the district court erred in merging and effectively dismissing two counts of possession of a controlled substance. Because we reverse and remand on this basis, we need not address the State's remaining argument.

**CONCLUSION**

**{10}**     For the foregoing reasons, we reverse the district court's merger and dismissal of two counts of possession of a controlled substance and remand for further proceedings consistent with this opinion.

**{11}    IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**